**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 8-13-15

| | |
|---|---|
| IN RE: 2008 FANNIE MAE ERISA LITIGATION | 09-CV-01350- PAC<br>MDL No. 2013 |

**FINAL APPROVAL ORDER AND JUDGMENT**

This Action came for hearing on August 13, 2015 to determine the fairness of the proposed settlement (the "Settlement") presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Scheduling of a Final Approval Hearing. Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Final Approval Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement And Release ("Settlement Agreement") executed by Plaintiffs and the Fannie Mae Parties.

1. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

2. In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class"):

> All Persons (excluding Defendants and their Plan beneficiaries) who were participants in or beneficiaries of (including alternate

> payees) of the Plan at any time between April 17, 2007 to May 14, 2010, and whose Plan account included investments in the Fannie Mae Stock Fund during the Class Period.

(a) Accordingly, the Court, in conducting the settlement approval process required by FED. R. CIV. P. 23, certifies solely for purposes of settlement the class set forth in this section 2 under FED. R. CIV. P. 23(b)(1) (the "Settlement Class").

(b) Consistent with the Court's May 15, 2009 Order, the Court hereby appoints Harwood Feffer LLP and Kessler Topaz Meltzer & Check, LLP as Co-Lead Class Counsel for the Settlement Class.

(c) Further, the Court hereby appoints Plaintiffs Mary P. Moore and David Gwyer class representatives for the Settlement Class.

3. The Court hereby approves the Settlement Agreement and Orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

4. The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate, and more particularly finds:

(a) The Settlement was negotiated vigorously and at arm's-length by counsel for the Fannie Mae Parties, on the one hand, and the Plaintiffs and Co-Lead Class Counsel on behalf of the Class, on the other hand;

(b) This Action settled after Defendants' motions to dismiss and motion to reconsider were decided by the Court. The Settlement was reached following arm's-length negotiations by counsel under the auspices of the Mediator, all of whom were thoroughly familiar with this litigation. Plaintiffs and the Fannie Mae Parties had sufficient information to evaluate the settlement value of the Action;

7. The Action is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

8. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, Plan of Allocation, this Final Approval Order and Judgment, the Settlement Agreement, or the termination of the Settlement Agreement.

9. Co-Lead Counsel are hereby awarded attorneys' fees of $2,700,000 and reimbursement of expenses in the amount of $261,757.11. Such awards may be distributed to Co-Lead Counsel in accordance with the Settlement Agreement.

10. The Plaintiffs are hereby awarded Case Contribution Awards in the amount of $5000, each, which shall be paid pursuant to the Settlement Agreement.

11. ~~8.~~ In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Approval Order and Judgment shall be rendered null and void, *ab initio*, and shall be vacated nunc pro tunc, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before April 17, 2015, the day the agreement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

12. ~~9.~~ This Final Approval Order and Judgment shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach or liability. This Final Approval Order and Judgment is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties. This Final Approval Order and Judgment shall not be construed or used as an admission, concession, or declaration by or against

Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing. This Final Approval Order and Judgment shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Final Approval Order and Judgment shall not be construed or used as an admission, concession, declaration or waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Settlement Agreement is terminated. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

IT IS SO ORDERED.

DATED: August 13, 2015

Paul A. Crotty

Hon. Paul A. Crotty
United States District Judge